THE PEOPLE *ex rel.* Lewis C. Price, County Treasurer,

*v.*

.THE WISCONSIN CENTRAL RAILROAD COMPANY.

*Opinion filed December 20, 1905.*

1. TAXES—*county board must state purpose of tax levy.* A tax levy by the county board of seventy-five cents on each $100 of taxable property according to its assessed valuation, but which fails to specify the particular purposes for which the tax was levied, is invalid.

2. SAME—*power of legislature to enact curative laws respecting taxes.* In the absence of any constitutional prohibition the legislature may validate, by a curative act, any proceedings which they might have authorized in advance, including cases where the power to levy taxes has failed of proper execution through the carelessness of officers, but it cannot, by retrospective legislation, cure a want of authority to levy the tax.

3. CONSTITUTIONAL LAW—*constitution does not require county board to specify the purposes of tax.* Section 8 of article 9 of the constitution, providing that "county authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per $100 valuation," etc., does not, by the use of the word "aggregate," manifest an intent that the county board shall specify the particular purposes for which the taxes are levied.

4. SAME—*act of 1905, curing prior tax levies by county boards, is valid.* The act of 1905, (Laws of 1905, p. 359,) to cure tax

levies by county boards which were defective for omitting to state the particular purposes for which the tax was levied, is within the power of the legislature, interferes with no vested rights of taxpayers and renders the taxes in question legal and valid. (*C., B. & Q. R. R. Co.* v. *People,* 213 Ill. 458, explained.)

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

LESLIE P. HANNA, State's Attorney, (BENJAMIN H. MILLER, of counsel,) for appellant.

CHARLES WHITNEY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

At the June term, 1905, the county court of Lake county refused the application of the county collector of said county for a judgment against the property of appellee for a county tax levied on said property, and from that judgment this appeal was prosecuted.

At the September session, 1904, the county board attempted to levy a county tax of seventy-five cents on each $100 of taxable property according to its assessed valuation, and did not specify the particular purposes for which the tax was levied. Such a levy was not authorized by the statute, and the tax was vitiated by the failure to comply with the law. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197; *Chicago, Burlington and Quincy Railroad Co.* v. *People,* id. 458.) On February 28, 1905, the legislature passed an act for the purpose of curing the defect in levies which existed in this and other like cases. (Laws of 1905, p. 359.) That act was in force from and after its passage, and the only question in this case is whether it cured the defect. If it was within the power of the legislature to pass the act, the defect was thereby cured and the tax validated.

There is no prohibition in our constitution against the passage of retroactive statutes, and they are not invalid if they do not impair vested rights or come in conflict with some provision of the constitution. The general rule is, that where there is no constitutional prohibition the legislature may validate, by a curative act, any proceedings which they might have authorized in advance. (8 Cyc. 1083; 26 Am. & Eng. Ency. of Law,—2d ed.—609.) Cases where the power to levy taxes has failed of proper execution through the carelessness of officers or other cause come within that rule. (Cooley's Const. Lim.—4th ed.—462; Cooley on Taxation, 229.) But while curative acts may heal irregularities they cannot cure the want of authority to act at all, and the legislature cannot, by retrospective legislation, confirm what it could not originally have authorized. On that ground it is contended by appellee that the curative act of 1905 is invalid. It is urged that the legislature could not have authorized such a levy as was made because it would be in conflict with section 8 of article 9 of the constitution, which provides: "County authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county." The argument is based on the use of the word "aggregate" as showing an intent that the county authorities shall specify the particular purposes to which the money, when collected, shall be appropriated, and that the aggregate shall not exceed the rate specified. We are not prepared to say that the construction contended for should be given to the constitution, but are of the opinion that the provision was intended merely as a limitation upon the power of county authorities to levy taxes.

The next question is whether the curative act interferes with or destroys any constitutional right of the tax-payer. It is the right of the tax-payer to have an opportunity to be heard before a tax shall be finally adjudged against him,

and no tax can be valid without an opportunity for such a hearing. Therefore it was decided in *Marsh* v. *Chesnut,* 14 Ill. 223, that the legislature could not cure by subsequent legislation the failure of an assessor to complete the assessment and return it to a particular place on or before a certain day. The provision for such a return was to enable the taxpayer to inspect the assessment and to give him time and opportunity to make application to the county commissioners' court for correction of the assessment. The curative act deprived him of an opportunity to appeal and a hearing, and was void for that reason. The same rule was applied on the same ground in *Billings* v. *Detten,* 15 Ill. 218; and in *Conway* v. *Cable,* 37 Ill. 82, it was held that the legislature could not, by retrospective enactment, make an invalid tax proceeding valid and thereby divest an individual of his vested rights. It was there held that a citizen might allow his real estate to pass to a sale relying upon the want of compliance with the law authorizing the sale, and that his rights thereby acquired could not be affected by subsequent legislation. On the other hand, in *Cowgill* v. *Long,* 15 Ill. 202, the court held that although it was essential to the validity of a school tax that it should be certified to the county clerk before the first of July, the legislature had power to pass a special act declaring that a tax voted on the 20th of July and the act of certifying the tax to the county clerk should be legal and valid and effectual in the law. No vested right was interfered with, and it was considered that the legislature had the right to remedy the defect while the tax remained uncollected. In the case of *McVeagh* v. *City of Chicago,* 49 Ill. 318, where a tax on bank shares was not properly assessed by reason of a defective law under which it was attempted, the court decided that the legislature had power to pass a special law to cure the omission. It is within the power of the legislature to change the mode for the collection of taxes at any time before they are paid, discharged or otherwise released. (*Hosmer* v. *People,* 96 Ill. 58.) If the

legislature could have provided for the levy of county taxes in the manner in which this tax was levied and no constitutional right of the tax-payer was invaded, the curative act would be effective to remedy the defect. The legislature did not choose to change the plan for levying county taxes, which has been regarded as a wise one for the protection of tax-payers. No change was made in the method of levying taxes for any subsequent year, and the rule for the future remains precisely the same as before the passage of the act of 1905. County boards were not invested with power to levy county taxes without determining the amount needed for each purpose included in the levy, and the act was only intended to validate taxes previously levied where county officials had failed, through ignorance, to specify the purposes of the tax. As we think that the legislature might have authorized a levy in this manner and no vested right of the tax-payer was interfered with, the curative act had the effect to render the tax legal and valid.

It was said in *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* that the failure to comply with the statutory requirement was not a mere irregularity, but a fatal omission, which vitiated the tax, and it is argued that the tax was therefore void and could not be given vitality by a subsequent act. Section 191 of the Revenue act is curative and prospective, and provides that in tax proceedings no tax shall be considered illegal on account of errors or informalities in the proceedings not affecting the substantial justice of the tax. What was said with reference to the tax in the case referred to related to the question whether it was within the prospective curative provisions of that section. The defect in that case and in this one did not come within the curative provisions of that section, but it does not follow that the defect was not cured by the retrospective act of 1905.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*