(No. 25938.— )

THE PEOPLE *ex rel.* Ben Stone, Appellee, *vs.* S. L. NUDEL-MAN, Director of the Department of Finance, Appellant.

*Opinion filed December 16, 1940—Rehearing denied June 13, 1941.*

SHAW, J., dissenting.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, and PHILIP J. SIMON, of counsel,) for appellant.

ROBERT THORSEN, BENJ. F. J. ODELL, and EDWARD P. MADIGAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The superior court of Cook county awarded a writ of *mandamus* commanding appellant, the director of the Department of Finance, to accept and recognize a credit memorandum theretofore issued by the Department of

Finance to the Otto Zobler Manufacturing Company and assigned by its trustee to appellee. Appellant brings the cause here for review.

Appellee's petition for *mandamus* alleges the purchase of a credit memorandum issued by the Department of Finance in the sum of $1939.97 from one Maurice Klein, trustee of the estate of the Otto Zobler Manufacturing Company. The memorandum was issued for erroneous payment of a retailers' occupation tax in the sum named. The petition alleges a request on the department to issue necessary forms to transfer the credit memorandum to appellee's name, to be applied against any taxes due or to become due from him under the said tax act, and appellant's refusal so to do.

Appellant moved to strike the petition on the ground that it was insufficient as any basis for the relief prayed, alleging that the intention of the General Assembly was that credit memoranda issued for taxes erroneously paid can be allowed only to the person paying such erroneous tax and not to his assignee. It is further in the motion stated that the credit memorandum issued in this case showed on its face that it was not transferable or assignable. The motion was denied and, appellant abiding his motion, the writ was awarded.

Appellant urges the points here: (1) That taxes voluntarily paid cannot be recovered or refunded unless the statute authorizes such recovery or refunding; (2) a refunding statute is to be strictly construed in favor of the taxing body and against the taxpayer, and (3) since an assignee obtains no greater title or interest in the property assigned than enjoyed by the assignor, the credit memorandum cannot be used to pay the assignee's taxes, and so the refusal to recognize the assignment was not error.

That portion of section 6 of the act here under consideration, (Ill. Rev. Stat. 1939, chap. 120, par. 445, p. 2673), reads as follows: "If it shall appear that an

amount of tax, penalty or interest has been paid which was not due under the provisions of this act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this act from the person who made the erroneous payment, or such amount shall be refunded to such person by the department." This section is a plain and unambiguous provision for refund of taxes and is distinctly a refunding statute. In *People* v. *Nudelman,* 370 Ill. 237, it was construed as granting a clear and positive right either to a credit memorandum or in case it be of no benefit, then to a refund by the department. It is pointed out in that case that the retailers' occupation tax is a tax on the privilege of engaging in business and not a tax on property. Whether a credit memorandum is assignable, has not been previously brought specifically to the consideration of this court.

Appellant cites numerous cases holding that statutes authorizing a refund of taxes are to be strictly construed. Such cases are not controlling here where we have before us a clear and unambiguous refunding statute, the purpose of which is to require that money erroneously collected as occupation tax or its equivalent, shall be returned. Appellant admits that this is a refunding statute but argues that since the language of section 6 is that the credit memorandum shall be issued to the person making the erroneous payment, or the refund shall be to such person, an assignment does not give a right to the assignee to pay any later accrued taxes except such as might accrue against his assignor, and that he has no right to apply it to taxes accruing against himself, and this because of the general rule that an assignee can obtain no greater right than his assignor had.

It will be noted, however, that section 6 provides not only for the issuance of a credit memorandum, but in case such is of no value to the holder, he is entitled to and may

require the refund of the tax. As was held in *People* v. *Nudelman, supra,* the language of section 6 is construed to mean that a refund should be allowed where a credit would be of no value. The result of erroneous payment of tax is that the State has in its possession funds which, in equity and justice, belong to the person erroneously paying it. In this case the Otto Zobler Manufacturing Company, which had erroneously paid the tax, made an assignment for the benefit of creditors, and turned its property over to a trustee who sold and assigned the credit memorandum to appellee. The company paying the tax ceased to do business and was no longer liable for the payment of retailers' occupation taxes. The credit memorandum represented an asset belonging to the assigning company and passed, by assignment of the trustee, to appellee. As the trustee was not authorized to continue the business of the assigning company, the credit memorandum could be of no use to him as such trustee. The credit memorandum is not only an admission by the State that it has in its possession money which, in equity and justice, it is not entitled to, but under section 6 of the act it is more,—it is an expression of a purpose to return it or its value.

The rule requiring strict construction of a tax refunding statute is intended for the protection of the State. In the act before us the State is in nowise harmed by the assignment of a credit memorandum. If the original holder continues in business he is to have the benefit of the credit on future taxes. If he goes out of business so that the credit is of no use to him, he is entitled to a refund. Or if he assign the credit memorandum, the State is excused from refunding the amount, as the credit is applied to assignee's taxes accrued or to accrue. Though the assignee acquired no greater right than his assignor, the rights acquired by him were equal to those of his assignor under the general rule of assignments. The assignor might have used the credit memorandum to pay succeeding taxes.

That right was personal to him. By the assignment the assignee acquired the same right, equally personal to him, to pay taxes due or to accrue against him. To hold that he had a less right would be contrary to the rule that he acquires whatever right his assignor had. It is, generally, of the nature of a claim that in its origin, in the absence of a provision showing it to be for the benefit of a third person, the right accruing thereunder is a right personal to the original claimant.

Counsel for appellant say, however, that since the act does not expressly give to an assignee the right to use a credit memorandum, it would be adding by judicial construction the words "or his assignees" to the act. Nothing in the act provides what may be done with a credit memorandum after it is issued, other than its application to succeeding taxes. The act provides nothing about its assignment. Its assignability or non-assignability, therefore, is to be determined by the general law on the subject of assignments.

The general rule, in the absence of language of the statute prohibiting it, is that claims against the government are assignable. (*Webster* v. *Luther,* 163 U. S. 331, 41 L. ed. 179; *Milnor* v. *Metz,* 41 id. 221, 10 L. ed. 943; *Leader Printing Co.* v. *Lowrey,* 9 Okla. 89.) In the case last cited, while the statute provided for assignment, the court, after stating the rule, declared: "The right to assign a debt which is due and fully earned is unquestioned by all the courts of this country, and even if the language 'or his assigns' were not in the act, we entertain no doubt but what the party to whom the contract was let could assign any money due him under the same." Counsel for appellant cite *People* v. *Roberts,* 51 N. Y. Sup. 474. That opinion is not in harmony with the general rule.

Appellant's counsel point out that the credit memorandum declares on its face that it is not transferable or assignable. The form of the credit memorandum is not

prescribed by the act and it requires no citation of authority to show that the department can neither abridge nor extend the act by a construction which it places upon it.

We are of the opinion that appellee is entitled to the use of the credit memorandum assigned to him and that the superior court did not err in awarding the writ. Its judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHAW, dissenting.