(No. 26097.—

THE PEOPLE *ex rel.* Allied Bridge & Construction Co. *et al.,* Petitioners, *vs.* GEORGE B. McKIBBIN, Director of Finance, Respondent.

*Opinion filed May 13, 1942—Rehearing denied September 15, 1942.*

ORIGINAL PETITION for *mandamus.*

BENJAMIN F. J. ODELL, ROBERT THORSEN, and EDWARD P. MADIGAN, for petitioners.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, of counsel,) for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

On leave granted, Allied Bridge & Construction Co. and thirty-two other co-petitioners, filed their original petition for *mandamus* to require respondent, as Director of Finance, to accept certain credit memoranda when assigned, and to furnish forms necessary to such assignment. Petitioners allege they were each engaged in the general building or construction contracting business in this State, principally in Cook county; that this court in *People ex rel. Blome* v. *Nudelman,* 373 Ill. 220, on petition of the petitioners here, directed the Director of Finance of the State of Illinois to, under section 6 of the Retailers' Occupation Tax act, (Ill. Rev. Stat. 1939, chap. 120, par. 445,) distribute $22,648.58 remaining in a refund appropriation, and issue credit memoranda for the unpaid balance due these petitioners for refunds due, but which could not be redeemed in cash; that the Department of Finance, in accordance with the mandate, issued said credit memoranda for the balance due them, in the respective amounts and numbers appended to the petition. The petitioners further show that they are not now subject to the payment of the tax, or at least have only negligible liability and therefore will have practically no future taxes against which said credit memoranda can be applied. They requested the Department of Finance, in a letter written on May 3, 1940, to send them forms required by the department for transfers of credit memoranda, and sought therein the cooperation of the department in making transfers to other taxpayers; that on May 13, 1940, the Department of Finance, by letter, advised petitioners that the Attorney General had advised the department that the transfer of credit memoranda was illegal, and since January 1, 1939, the department had refused to transfer credit memoranda, and declined to forward forms theretofore used for that purpose; that notwithstanding the department had issued to these petitioners, in accordance with

the mandate of this court, credit memoranda, the ruling of the Department of Finance negatives, vitiates and makes null and void the intent and purpose of the previous mandate of this court and the issuance of credit memoranda thereunder to these petitioners. Petitioners also alleged that the judgment of this court in *People ex rel. Blome* v. *Nudelman, supra,* is *res judicata* of the rights of these petitioners and is the law of this case, and pray that the writ of *mandamus* issue commanding the Director of Finance to issue to petitioners necessary blanks to enable them to transfer said credit memoranda and avail themselves of all their legal rights arising from the issuance of said credit memoranda, according to law. The Director of Finance filed an answer and an amended answer in which, for various reasons therein set forth, he contends that section 6 of the act should be held unconstitutional. The issues were closed by demurrer to the answer.

February 21, 1940, this court in *People ex rel. Blome* v. *Nudelman, supra,* entered its judgment directing the circuit court of Cook county to enter a decree directing the then Director of the Department of Finance to pay to plaintiffs in that case, who are petitioners here, their proportionate share of funds remaining in an appropriation of $100,000 for refunds of occupation taxes erroneously paid, and to issue credit memoranda to each of plaintiffs, petitioners here, for the balance due for refunds which could not then be paid in cash. The circuit court, upon remandment, complied with that judgment. On March 2, 1940, credit memoranda were issued to each of petitioners here, for the unpaid balance of refund due. These memoranda are now unredeemed and unpaid and the respondent refuses to issue to petitioners necessary forms to enable them to transfer them.

In *People ex rel. Swartchild & Co.* v. *Carter,* 376 Ill. 590, this court sustained the constitutionality of section 6 of the Retailers' Occupation Tax act and held that taxpayers who made overpayments were entitled to credit

memoranda for the amount which could not be refunded in cash.

When the judgment in *People ex rel. Blome* v. *Nudelman, supra,* was rendered and when this petition was filed, said section 6 contained a plain and unambiguous provision for refund of taxes and was distinctly a refunding statute. (*People ex rel. Stone* v. *Nudelman,* 376 Ill. 535.) In *People ex rel. Blome* v. *Nudelman, supra,* this court held that petitioners had a clear and positive right to a refund in so far as the balance in the fund appropriated for that purpose would extend, and credit memoranda in lieu of refunds for the balance, citing *People ex rel. Herlihy Mid-Continent Co.* v. *Nudelman,* 370 Ill. 237. The ground upon which the Director of Finance was directed to issue credit memoranda, was that the erroneous payment of the tax placed in the possession of the State funds which, in equity and justice, belonged to petitioners, and the credit memoranda were but evidence of the credit or refund due to the holder thereof. (*People ex rel. Stone* v. *Nudelman, supra.*) That such credit memoranda were assignable when application was made to the department for blanks to effect such transfer, was settled in *People ex rel. Stone* v. *Nudelman, supra.* What was there said need not be repeated here.

The judgment of this court in the *Stone* and *Blome cases* is the law as to petitioners' rights and is *res judicata* as to their rights to assign or transfer these credit memoranda. While it has been held that generally there is no vested right in a public law, yet, when, as here, rights which arise under a statute are decreed by a court of competent jurisdiction, the rights decreed are vested. (*Wilson* v. *Fisher,* 369 Ill. 538.) Subsequent legislation cannot affect such vested right. And so here the right of petitioners to assign their credit memoranda under the rules and regulations prescribed by the department, as in existence at the time petitioners here made application for blanks to enable them to assign the credit memoranda in their possession,

and as decreed by this court in the cases cited, was not affected by change in the statute or rules of the department.

The department stamped across the face of each credit memorandum issued to petitioners a statement that the same is not transferable or assignable. In *People ex rel. Stone* v. *Nudelman, supra,* it was held that the form of the credit memorandum is not prescribed by the act and that the department can neither abridge nor extend the act by a construction which it placed upon it. It necessarily follows that the department having, as directed by this court, issued to petitioners credit memoranda showing the amount of refund due, which, as this court has held, were assignable, the department was without authority to so stamp the memoranda and such act did not and does not affect their assignability. Subsequent amendment of section 6 in no way affected the vested right of petitioners here to assign these credit memoranda.

Respondent urges that a demand upon him and his refusal to comply must be averred and proved, and that such is lacking here. This question was raised in *People ex rel. Adams* v. *McKibbin,* 377 Ill. 22. It was in that case held that where demand would have been an idle and unavailing act, averment and proof of such is unnecessary. The averments of the pleadings here clearly disclose that respondent would not have complied with the demand if one had been made. No demand was necessary. *Board of County Comrs.,* v. *New Mexico ex rel. Coler,* 215 U. S. 296; 54 L. ed. 202; *People ex rel. Ill. Midland Ry. Co.* v. *Supervisor of Barnett,* 91 Ill. 422; 38 C. J. 578.

We are of the opinion that petitioners are entitled to the writ of *mandamus* against the Director of Finance of the State of Illinois requiring him to issue to petitioners necessary forms to permit them to transfer their credit memoranda according to the law as it existed at the time the petition herein was filed, and the writ of *mandamus* will issue requiring him so to do.          *Writ awarded.*