(No. 34776.—

THE PEOPLE *ex rel.* Earl O. Ramey, County Collector, Appellant, *vs.* GULF, MOBILE AND OHIO RAILROAD COMPANY, Appellee.

*Opinion filed September 18, 1958—Rehearing denied Nov. 26, 1958.*

J. WALDO ACKERMAN, JR., State's Attorney, of Springfield, and THOMAS W. HOOPES, for appellant.

GILLESPIE, BURKE & GILLESPIE, LOUIS F. GILLESPIE, and HUGH J. DOBBS, all of Springfield, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Gulf, Mobile and Ohio Railroad Company objected in the county court to that part of the 1954 taxes of Sangamon County which resulted from the levy of an additional tax for plat and survey purposes, under the authority of section 26a of the Counties Act, in excess of and in addition to the rate for county purposes provided in section 25.05 of the act, because such additional tax had not been authorized at an election, as provided by section 27 of said act. (Ill. Rev. Stat. 1953, chap. 34, pars. 25.05, 26a, 27.) Such additional tax produced an additional and excess rate of .0083, which resulted in an added tax of $361.33 upon objector's property in Sangamon County. The collector has appealed from the judgment of the county court sustaining the objection.

The only question presented to this court on this appeal, of which we have jurisdiction because the revenue is involved, is the question certified to us by the county court pursuant to a stipulation of the parties. The question as thus certified is: Is the plat and survey tax for the year 1954, levied by Sangamon County under section 26a, against the property of defendant, subject to the statutory maximum as provided in section 25.05?

Section 26a authorizes the levy of an additional tax for plat and survey purposes. This section, in part, provides as follows: "The expense of making such maps or plats and copies thereof shall be borne by the county. For the purpose of paying such expense the county may levy an annual tax of not to exceed .025 per cent of the full, fair cash value, as equalized or assessed by the Department of Revenue, which tax shall be in addition to the maximum of taxes authorized by law for county purposes."

Section 25.05 of the Counties Act authorizes the county board to cause to be levied and collected annually taxes for county purposes, including all purposes for which money may be raised by the county by taxation, at a rate not exceeding .125 per cent of the full, fair cash value as equalized or assessed by the Department of Revenue. Certain taxes are specifically exempted from inclusion in the limitation, as are "taxes authorized as additional by a vote of the people of the county."

Section 27 of the Counties Act authorizes and provides for a referendum to the people of the county as a condition precedent to the levy of additional taxes above and in excess of the general county rate. limitation contained in section 25.05. It is conceded that no election was held under the foregoing section upon the question of levying a plat and survey tax as an additional tax to be in excess of the general county corporate rate.

The county board of Sangamon County has no inherent power to levy taxes. Authorization for this function must

be conferred by statute or, in the event of permissive statutory authority, propositions for the levying of additional taxes may be submitted to a vote of the people and, upon a favorable vote, the county board obtains authority to levy taxes. In the event of acquisition of authority by this method, the referendum is authorized by statute as distinguished from the power to levy taxes being authorized by statute.

Section 25.05 clearly fixes a maximum rate for general county purposes, and the limitation there found is applicable except when the tax involved is clearly and expressly excluded from the limit or when the limitation is removed by reason of a referendum in accordance with the procedure set forth in section 27 of the Counties Act. *People ex rel. Nordstrom* v. *Chicago and North Western Railway Co.*, 11 Ill.2d 99; *People ex rel. Harrell* v. *Baltimore and Ohio Railroad Co.* 411 Ill. 55; *People ex rel. Ricker* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 508.

The language of section 26a that the plat and survey tax "shall be in addition to the maximum of taxes authorized by law for county purposes" is not sufficient to remove the limitation. Certainly this language does not expressly remove the limitation and this court will not by strained construction or by implication sustain a tax. On the contrary, the rule that tax statutes are to be strictly construed against the government and in favor of the taxpayer is so well settled as to require no citation of authority.

Section 26a gives authority to levy an additional tax but as a part of the taxes levied for general county purposes. The grant of authority for an additional tax is not an addition to the limitation. A statutory provision that a tax shall be in addition to all other taxes is not a removal of the limitation but rather means that the additional tax authorized shall not be subject to reduction with other taxes under section 162 of the Revenue Act of 1939. *People ex rel. Graff* v. *Wabash Railway Co.* 286 Ill. 15; *People*

*ex rel. Nordstrom* v. *Chicago and North Western Railway Co.* 11 Ill.2d 99.

The legislature has seen fit to exempt certain taxes from the limitation of section 25.05, and in so doing has either expressly excluded the tax by clear language in the section itself or has made the exclusion by equally clear language found in acts authorizing the tax but which acts are independent of the Counties Act. In the absence of such exclusion, the only authority for the county board to levy a tax in excess of the statutory limit must emanate from a valid election under section 27 of the Counties Act. There being no such election, the plat and survey tax is not valid, being in excess of the maximum rate for general county purposes. The county court properly sustained objections thereto, and the judgment of that court is affirmed.

*Judgment affirmed.*