THE PEOPLE *ex rel.* ELMER S. NELSON, Kankakee County Collector, Plaintiff-Appellant, *v.* RIDGEWAY SERVICES, INC., Defendant-Appellee.

(No. 74-69;

Third District—September 30, 1975.

Edward P. Drolet, State's Attorney, of Kankakee, for appellant.

Paul F. Blanke, of Kankakee, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

A civil complaint was filed by the State's Attorney of Kankakee County, in the name of the People, on the relation of the County Collector, for the payment of taxes assessed by the Department of Revenue of the State against the defendant, an Illinois corporation, Ridgeway Services, Inc., on the capital stock of the corporation for the years 1968, 1969, 1970. After a trial, the circuit court entered an order in favor of the defendant and against the plaintiff, finding that the defendant was excepted from the assessment upon its capital stock under section 130(6) of the Revenue Act of 1939 (Ill. Rev. Stat., ch. 120, § 611(6)). From that judgment order the plaintiff has appealed.

■■ First the plaintiff contends that the trial court erred in holding that estoppel by prior verdict is applicable to the People, or a county, in a suit for public revenue. From the agreed statement of facts filed in lieu of the abstract of record it appears that the present suit to collect a personal property tax is identical to one other brought against this same defendant in the immediately preceding year of 1967. This prior suit was decided for defendant by the court after a trial, from which judgment the plaintiff did not appeal. Because the result of that prior suit to collect the personal property tax on defendant's capital stock was decided in the defendant's favor, it claims in this appeal, as it did at the trial level, that the plaintiff is estopped by the prior verdict from maintaining this suit against defendant for the same tax in subsequent years. No one can seriously argue with the validity of the doctrine of res judicata as applied to the 1967 verdict. However, in the instant case, the trial court erred in applying estoppel by prior verdict against the People, or a county, in a suit involving the public revenue. The case of *People v. Chas. Levy Circulating Co.*, 17 Ill.2d 168, 177, 161 N.E.2d (1959), is controlling on that point. In that case the Illinois Supreme Court concluded "that since the *public revenue is involved*, the State is not estopped by the prior verdicts of the trial courts * * * from asserting the right to assess defendant for capital stock tax purposes through its

Department of Revenue." (Emphasis added.) That case overruled *People ex rel. Carr v. Omega Chapter of Psi Upsilon Fraternity,* 324 Ill. 540, 155 N.E. 279 (1927), on that particular point. We are bound by the ruling in the case of *People v. Chas. Levy Circulating Co.* and therefore find that the trial court erred in applying the principal of estoppel by verdict in this case against the plaintiff in a public revenue matter.

■■ The second issue raised on appeal is whether the capital stock of the defendant corporation for the years 1968, 1969, 1970 is taxable in Kankakee County as personal property. The determination of the precise issue depends on whether the defendant is exempted from capital stock taxation under section 130(6) of the Revenue Act of 1939 (Ill. Rev. Stat., ch. 120, § 611(6)) because defendant is engaged in a purely mercantile or manufacturing business. For each year involved the defendant filed the appropriate tax return properly with the Illinois Department of Local Government Affairs claiming exemption from capital stock assessment by the Department as a "mercantile" corporation, but the Department each year made the assessment and sent it to Kankakee County, where extension was made and a tax bill sent to defendant. If the assessment was unauthorized and therefore void, the defendant should not have been required to pay the tax. It does not appear defendant filed any objections however.

The statutory authority for the assessment is found at section 130(6) of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, § 611(6)) which provides "The Department shall * * * Assess, and value, in the manner provided by law, the capital stock, including the franchise of all companies * * * incorporated under the laws of this State, except companies * * * organized for purely * * * mercantile purposes * * *."

Section 21(4) of the Revenue Act of 1939 (Ill. Rev. Stat., ch. 120, § 502(4)) further provides: "Personal property shall be valued as follows: * * * (4) The capital stock of all companies * * * created under the laws of this State, except companies * * * organized for purely * * * mercantile purposes * * * shall be so valued by the Department of Revenue as to ascertain and determine respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company * * *."

The defendant claims to be organized for purely mercantile purposes and the trial court so held. The plaintiff argues that the defendant is not engaged in a purely mercantile or manufacturing business and therefor falls outside of the statutory exemption for capital stock taxation purposes. We are cited to the case of *People v. Chas. Levy Circulating Co.,*

which controls the issue. In deciding that the defendant, in the Levy case, engaged in a nonmercantile business the court looked at both the defendant corporation's charter and at its actual conduct of business. The corporate charter of the Charles Levy Circulating Co. contained the nonmercantile purpose of carrying on a general transfer business. In actual conduct of its business, the defendant did operate a transfer business in accord with the broad general language in its corporate charter. Such an operation is a service type business and unrelated to the corporation's general mercantile purpose. The term mercantile means the buying and selling of commodities for profit. *H. H. Kohlsaat & Co. v. O'Connell*, 255 Ill. 271, 99 N.E. 689; *People ex rel. Mercer v. Wyanet Electric Light Co.*, 306 Ill. 377, 137 N.E. 834.

The defendant claims that any nonmercantile transactions it conducted were merely incidental to and absolutely necessary to the carrying on of its general mercantile business. The president of defendant corporation testified on cross-examination that on one or more occasions the defendant corporation sold land and an oil truck to other persons in the oil business, which persons were either related to or unrelated to the defendant corporation's business. Regardless of whether the defendant carried on any more than incidental service type business in the years in question, it clearly appears from looking at the language of the corporate charter of Ridgeway Services, Inc., that such charter is inconsistent with defendant's otherwise general mercantile purposes. That corporate charter in pertinent part provides, "To purchase and sell and carry on the business of dealers in oil and petroleum products, to do and perform any and all acts and things as may be necessary and incidental in and about the carrying on of the business aforesaid, *and to* purchase, acquire, hold, improve, sell, convey, assign, release, mortgage, encumber, lease, hire and deal in real and personal property of every name and nature, and the doing of such other business as shall be necessary, convenient or incidental thereto." (Emphasis added.) In addition to the general mercantile powers the defendant's corporate charter grants powers which are beyond a mercantile purpose. The powers to purchase, sell, lease, and deal in real estate and personal property and the doing of *such other business* as shall be necessary and convenient grants the defendant power to conduct many varied forms of nonmercantile and non-manufacturing business. The grant of corporate power in the present case is far broader in scope than that which was objected to in *People v. Chas. Levy Circulating Co.* The holding in the *Levy* case strongly suggests that any power granted in a corporate charter other than one which shows a purely mercantile purpose will cause a corporation to cease being a purely mercantile one. Although the corporation in *Levy*

was actually engaged in a nonmercantile business, that holding was also based upon the broad general grant of power contained in the corporate charter which set out nonmercantile purposes. The instant appeal is not distinguishable from the *Levy* case and is controlled by the holdings there.

Defendant's final theory is that the grant of power contained in its corporate charter is merely a repetition of the various powers incidental to all corporations from section 5 of the Business Corporation Act (Ill. Rev. Stat., ch. 32, § 157.5). We find no merit in that theory or defendant's associated arguments. The presence in a corporate charter of any purpose other than a mercantile or manufacturing one, and which is separate or distinct from those purposes, withdraws the corporation from the class exempted by statute from capital stock assessment. The powers set out in defendant's charter demonstrate a nonmercantile purpose and the trial court erred in finding for defendant on the issues raised in this appeal.

For the above reasons the judgment of the Circuit Court of Kankakee County is reversed and this cause remanded, and it is directed that a judgment order be entered in favor of plaintiff.

Reversed and remanded with directions.

ALLOY and STENGEL, JJ., concur.