COMMONWEALTH EDISON COMPANY, Plaintiff and Objector-Appellee, v.
THE WILL COUNTY COLLECTOR, Defendant-Appellant.

Third District    No. 3—98—0567

Opinion filed May 26, 1999.—Rehearing denied July 19, 1999.

James Glasgow, State's Attorney, of Joliet (John A. Urban (argued), Assistant State's Attorney, of counsel), for appellant.

Douglas F. Spesia (argued) and John M. Spesia (argued), both of Spesia, Ayers & Ardaugh, of Joliet, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The defendant, Will County collector (Collector), appeals the judgment of the Will County circuit court sustaining the objection of the plaintiff, Commonwealth Edison Company (Edison), to the 1994 Will County tort immunity and workmen's compensation tax levies. The question before this court is: Did the circuit court err in sustaining Edison's tax objections because the levies were adopted prior to the effective date of an amendment to the statutory corporate rate and, therefore, were illegal because they exceeded the maximum rate? Because we conclude that the circuit court erred, we reverse.

## FACTS

The parties stipulated to the following facts. In an unrelated action, *In re Application of the Du Page County Collector*, 243 Ill. App. 3d 823, 612 N.E.2d 866 (1993), the Illinois Appellate Court for the Second District in 1993 sustained taxpayer objections to Du Page County's 1985 tax levies concluding that under section 5—1024 of the Counties Code (55 ILCS 5/5—1024 (West 1992)) the 1985 tort immunity tax levy was not excepted from the general corporate rate. The circuit court of Will County, relying on the second district's ruling, subsequently sustained Edison's objections to Will County's 1992 and 1993 tort immunity and worker's compensation levies, concluding that they were invalid to the extent that they exceeded the maximum general corporate rate authorized in the Counties Code (55 ILCS 5/5—1024 (West 1992)). On appeal, this court, relying on the second district ruling, issued a Rule 23 order (134 Ill. 2d R. 23) in *Will County Collector ex rel. Weber v. Commonwealth Edison Co.*, 285 Ill. App. 3d 1112 (1996), affirming the circuit court's judgment that the 1992 and 1993 tax levies were illegal to the extent that they exceeded the corporate rate. Prior to the issuance of that ruling, however, the Illinois General Assembly had amended the Counties Code and the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 *et seq.* (West 1992)). The Counties Code continued to set the maximum county corporate property tax levy at 0.25 per $100 assessed value. However, the amendment provided that

the tort immunity levy is to be exclusive of and in addition to the corporate rate limit. It also added language to validate levies adopted in reliance on the amendment. The amendment, Public Act 88—545 (the Act), was signed into law on June 27, 1994, with an effective date of January 1, 1995.

Will County adopted its 1994 general corporate, tort immunity and workers' compensation levies on November 17, 1994. It adopted the following rates: (1) the corporate rate levied was at 0.25 per $100 assessed value; (2) the tort immunity rate was levied at 0.0223 per $100 assessed value; and (3) the workers' compensation rate was levied at 0.0155 per $100 assessed value. The levy resulted in a total of 0.2878 per $100 assessed value. The county extended the tax levies against the property after January 1, 1995, the Act's effective date. Edison paid the taxes in 1995 when due and filed a tax objection complaint. The circuit court sustained the objection on the grounds that: (1) the tort immunity levy was not an exception to the general corporate maximum rate limit; and (2) the Act applied prospectively only and, therefore, rates levied prior to its effective date were not subject to it. The Collector now appeals.

## ANALYSIS

■ Where facts are uncontroverted and the issue is the circuit court's application of the law to such facts, a question of law is presented, and we review *de novo*. *Bank One Milwaukee, N.A. v. Loeber Motors, Inc.*, 293 Ill. App. 3d 14, 20, 687 N.E.2d 1111, 1115-16 (1997). We must determine the correctness of the ruling on the question of law independently of the circuit court's judgment. *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority*, 166 Ill. App. 3d 361, 365, 519 N.E.2d 1005, 1008 (1988).

The Collector argues that Edison did not have a vested right that would have been affected by the application of the Act to the instant action. Therefore, the circuit court should have decided the objection under the Act, and, on review, this court should likewise apply the Act. Accordingly, the Act specifically exempts the tort immunity levy from the corporate rate limit, and, consequently, Edison's objection to the levy should not have been sustained. Furthermore, Will County adopted the levies in reliance on the Act, which the legislature passed in reaction to the second district's holding that the tort immunity levy was to be included in the corporate rate. Moreover, the Act contains a validation clause on taxes levied in reliance on the Act. Therefore, the county's levies were legal and valid.

Edison responds that the legislature's use of an effective date in the Act and the Act's plain language evidence the legislature's inten-

tion that (1) the Act applies prospectively only; (2) it applies to levies adopted in reliance on its enactment; and (3) it does not apply to levies adopted prior to the Act's effective date. Edison maintains that the Collector, however, did not adopt the 1994 levies in reliance on the Act; it merely continued adopting its levies as it had in prior years. Accordingly, the tort immunity levy must be included in the general corporate rate limit because to do otherwise would create a new tax obligation. Furthermore, the previous court decisions concluding that Will County's taxes were illegal and void to the extent they exceed the statutory limit settled the issue and created a vested right to have the taxes assessed under the law as it existed prior to the Act. Lastly, the Collector levied the taxes knowing that the taxes would be paid because the only recourse available to a taxpayer is to pay and then file an objection seeking a refund. In sum, Edison urges this court to affirm the circuit court's decision sustaining its objection.

■ ■ Does the language of the Act permit it to be applied to a levy adopted prior to its effective date? In interpreting a statute, the court will give effect to the legislature's intent. *Burke v. 12 Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 593 N.E.2d 522 (1992). The plain language, if not ambiguous, should be given effect. *Piatak v. Black Hawk College District No. 503*, 269 Ill. App. 3d 1032, 647 N.E.2d 1079 (1995). Public Act 88—545 amended the Counties Code as follows:

> "A county board may cause to be levied and collected annually, except as hereinafter provided, taxes for county purposes, including all purposes for which money may be raised by the county by taxation, *** at a rate not exceeding .25% *** *except taxes levied under Section 9—107 of the Local Governmental and Governmental Employees Tort Immunity Act.*
>
> *Those taxes a county has levied and excepted from the rate limitation imposed by this Section or Section 25.05 of 'An Act to revise the law in relation to counties', approved March 31, 1874, in reliance on this amendatory Act of 1994 are not invalid because of any provision of this Section that may be construed to or may have been construed to restrict or limit those taxes levied and those taxes are hereby validated. This validation of taxes levied applies to all cases pending on or after the effective date of this amendatory Act of 1994.*" Pub. Act 88—545, § 5—1024, eff. January 1, 1995 (amending 55 ILCS 5/5—1024 (West 1992)) (additions indicated by italics).

The Tort Immunity Act was amended as follows:

> "*With respect to taxes levied under this Section, either before, on, or after the effective date of this amendatory Act of 1994:*
>
> *(1) Those taxes are excepted from and shall not be included within the rate limitation imposed by law on taxes levied for gen-*

*eral corporate purposes by the local public entity authorized to levy a tax under this Section.*

*(2) Those taxes that a local public entity has levied in reliance on this Section and that are excepted under paragraph (1) from the rate limitation imposed by law on taxes levied for general corporate purposes by the local public entity are not invalid because of any provision of the law authorizing the local public entity's tax levy for general corporate purposes that may be construed or may have been construed to restrict or limit those taxes levied, and those taxes are hereby validated. This validation of taxes levied applies to all cases pending on or after the effective date of this amendatory Act of 1994.*" Pub. Act 88—545, § 9—107, eff. January 1, 1995 (amending 745 ILCS 10/9—107 (West 1992)).

The language of the Act expressly validates levies adopted "either *before, on or after the effective date of this *** Act*" and in reliance of the Act. (Emphasis added.) Pub. Act 88—545, eff. January 1, 1995. The Act became a law when it was signed by the Governor on June 27, 1994, and became effective on January 1, 1995, the effective date given it by the legislature. The levies at issue were adopted on November 17, 1994, after the Act had been signed into law. We conclude, therefore, that the levies are valid under the express language of the Act.

■■ Were the taxes invalid because Edison had a vested right to have the levies extended under the law as it existed prior to the Act? In a tax objection case, the assessed taxes are presumed correct and the objector bears the burden of proving otherwise. *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 166, 656 N.E.2d 1049, 1052 (1995). However, tax statutes should be strictly construed in favor of taxpayers. *People ex rel. Ramey v. Gulf, Mobile & Ohio R.R. Co.*, 15 Ill. 2d 126, 129, 153 N.E.2d 841, 843 (1958). In *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36 (1996), our supreme court addressed the issue of whether a statutory amendment should be applied to an already existing controversy. The court acknowledged that "the principles applicable for determining whether a statutory amendment applies to an existing controversy on appeal have not been consistently stated," and, analyzing Illinois case law, concluded that the law that exists at the time of the appeal must be applied "unless doing so would interfere with a vested right." *Armstead*, 171 Ill. 2d at 287, 289. "Although not capable of precise definition, a vested right is a complete and unconditional demand or exemption that may be equated with a property interest." *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40. There must be more than the expectancy of the continuing existence of a

law; therefore, a taxpayer has no vested right in the continuance of a taxing statute. *In re Application of Skidmore*, 75 Ill. 2d 33, 39, 387 N.E.2d 290, 292 (1979). Furthermore, " '[i]f before rights become vested *** the convenience of the State induces amendment or repeal, individual[s] have no cause to complain.' " *In re Application of Skidmore*, 75 Ill. 2d at 39, 387 N.E.2d at 292, quoting *Dodge v. Board of Education*, 364 Ill. 547, 552 (1936). Where no vested rights are involved because they have not been perfected or the amendment is too procedural in nature, the amendment can be applied to the controversy without retroactive results. *Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36.

■ Accordingly, in this case, the Act could not be applied if Edison's right to be taxed under the law as it stood prior to its passage had been perfected. In *People ex rel. Carr v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.*, 316 Ill. 410, 147 N.E. 492 (1925), the supreme court explained that the extension of the levy is purely ministerial and that the validity of a tax is determined at the time it is levied. Further, the supreme court explained, an amendment to an existing statute authorizing the levy of a higher maximum rate is not retrospective and not applicable to a levy already adopted absent a clearly expressed intention by the legislature that it should operate retrospectively. *Carr*, 316 Ill. at 415, 147 N.E. at 494. In *People ex rel. Price v. Wisconsin Central R.R. Co.*, 219 Ill. 94, 76 N.E. 80 (1905), Lake County levied a tax but failed to indicate the precise purposes for which the taxes were levied as required by statute. The taxes were, therefore, invalid. The legislature, in response, amended the statute to validate the levy. On review, our supreme court concluded that "[i]t is within the power of the legislature to change the mode for the collection of taxes at any time before they are paid, discharged or otherwise released. *** [Because] no vested right *** was interfered with, the curative act had the effect to render the tax legal and valid." *Price*, 219 Ill. at 97-98, 76 N.E. at 81. In *In re Application of the Cook County Collector*, 127 Ill. App. 3d 14, 468 N.E.2d 435 (1984), the taxpayer objected to a levy rate which, first having been set at .47, was reset to .50 pursuant to a change in the Illinois statutes. Relying on *Price*, this court concluded that the legislature had the power to authorize the .50 levy "while the taxes remained uncollected and before paid, discharged or otherwise released" and that the levy in excess of .47 was not void *ab initio*. *In re Application of the Cook County Collector*, 127 Ill. App. 3d at 18. As we have already discussed, in the case now before us, the amendment validated levies made in reliance on it. The statutory validation, together with our supreme court's conclusion in *Price* that the legislature could authorize a levy until taxes were paid,

discharged or otherwise released, lead us to conclude that where Edison's taxes had not been paid, discharged or otherwise released, its right had not been perfected and its tax obligations were subject to the Act.

Next, Edison contends that prior court decisions have vested its right to have its taxes levied for 1994 under the Counties Code as it existed prior to the enactment of the Act. While there is generally no vested right in a public law, rights that arise under a statute vest when they are decreed by a court of competent jurisdiction. *People ex rel. Allied Bridge & Construction Co. v. McKibbin*, 380 Ill. 63, 66, 43 N.E. 550, 552 (1942).

*Allied Bridge* illustrates how rights vest under a court decree. *Allied Bridge* arose when the state's Director of Finance refused to allow the petitioners to assign credit memoranda which they had been issued for the refund of erroneously paid occupation taxes. Our supreme court had ordered that the memoranda be issued pursuant to statute. See *People ex rel. Blome v. Nudelman*, 373 Ill. 220; 25 N.E.2d 811 (1940). In a related proceeding, the supreme court had concluded that the memoranda were assignable. See *People ex rel. Stone v. Nudelman*, 376 Ill. 535, 34 N.E.2d 851 (1940). The *Allied Bridge* petitioners requested the court to issue a writ of *mandamus* requiring the Director to accept the assignments. The supreme court concluded that the petitioners were entitled to the writ of *mandamus* because the court's previous judgment in *Stone v. Nudelman* was the law as to the petitioners' assignment rights and, therefore, *res judicata* applied. *Allied Bridge*, 380 Ill. at 66, 43 N.E.2d at 551-52. Consequently, the petitioners' rights under the credit memoranda had vested and were not affected by subsequent changes in the statute or in department rules. *Allied Bridge*, 380 Ill. at 66, 43 N.E.2d at 551-52. In *Du Page County Collector*, 243 Ill. App. 3d at 827-28, 612 N.E.2d at 870, the Illinois Appellate Court for the Second District concluded that the language of the Tort Immunity Act did not exempt levies adopted pursuant to it from the general corporate rate limit. Accordingly, Du Page County's 1985 tort immunity tax levies were held illegal to the extent that they exceeded the general corporate rate. *Du Page County Collector*, 243 Ill. App. 3d at 829, 612 N.E.2d at 870. Subsequently, this court, in a Rule 23 order followed the *Du Page County* ruling and affirmed the circuit court's decision to sustain the objections of numerous taxpayers, including Edison, to Will County's 1992 and 1993 tax levies. In so doing, this court noted that the taxes were levied prior to the effective date of the Act. We note here that the levies declared illegal by *Du Page County* and those levied by Will County for the same years and held illegal cannot be found to be subject to the Act now. As

the petitioners' rights under the credit memoranda had vested when the court decreed that they were assignable and could not be affected by subsequent legislation, the taxpayers' rights as to the 1992 and 1993 taxes vested when this court issued its Rule 23 order in *Will County Collector ex rel. Weber*, 285 Ill. App. 3d 1112. The taxes are levied, extended, paid or otherwise discharged.

We note further that our supreme court has concluded that the doctrine of estoppel by verdict does not apply to the state or county in the collection of its revenues by taxation. *People v. Charles Levy Circulating Co.*, 17 Ill. 2d 168, 176, 161 N.E.2d 112, 116 (1959). In *Charles Levy*, our supreme court considered whether court rulings that a particular entity was not subject to capital stock tax assessments estopped the Department of Revenue from assessing the taxes against the same entity in subsequent years. The petitioner claimed that the issues raised and decided in the prior cases and in the circuit court were identical to the issues then before the court, that there were no changes in the facts and that the state was "estopped by the verdicts in the prior cases" from adopting the assessments against them again. *Charles Levy*, 17 Ill. 2d at 172, 161 N.E.2d at 114. The supreme court surveyed existing case law on the application of the doctrine of estoppel as it applies to the state and concluded that since the public revenue was involved, the state was not estopped by prior verdicts from asserting its rights to assess the petitioners for tax purposes. *Charles Levy*, 17 Ill. 2d at 173-77, 161 N.E.2d at 115-17. Following the supreme court's holding, this court in *People ex rel. Nelson v. Ridgeway Services, Inc.*, 32 Ill. App. 3d 478, 479-80, 335 N.E.2d 503, 504 (1975), concluded that a capital stock tax assessment for the years 1968, 1969, and 1970 was not estopped by a prior verdict in favor of Ridgeway regarding the 1967 assessment. The court stated that "[n]o one can seriously argue with the validity of the doctrine of res judicata as applied to the 1967 verdict. However, in the instant case, the trial court erred in applying estoppel by prior verdict against the People, or a county, in a suit involving the public revenue." *Ridgeway*, 32 Ill. App. 3d at 479, 335 N.E.2d at 503-04.

The facts before the court in the previous cases differ from those before us now. In the earlier cases, the levies were adopted, extended, and paid prior to the enactment of the Act. However, unlike those levies, the levies at issue before us were adopted after the Act was enacted. Taxpayer rights under these particular facts were not addressed and were not decreed by a court of competent jurisdiction. The taxes were levied following the enactment of an amendment to the Counties Code and the Tort Immunity Act which expressly

validates taxes levied in reliance on the Act. We conclude that where taxes were levied subsequent to the enactment of the Act, the facts are distinguishable. Accordingly, Edison's rights had not vested and the tax levies were legal. Further, we conclude that since public revenue is involved, the subsequent levies were not estopped from being adopted.

Edison finally argues that its objections should be sustained because Will County engaged in a "bait and switch" tactic knowing that the taxpayers would have to pay and then seek a refund, thus entitling Edison to an equitable remedy. An equitable remedy can be sought where the tax is unauthorized by law or levied on exempt property. *Alexander v. County of Tazewell*, 181 Ill. App. 3d 1070, 1072-73, 537 N.E.2d 1149, 1151 (1989). In light of our conclusion that the taxes were authorized by law when they were levied after the enactment of the Act, we conclude that Edison is not entitled to an equitable remedy.

## CONCLUSION

In sum, we conclude that the circuit court erred in sustaining Edison's objections: (1) the tax levies were subject to Public Act 88—545; therefore, (2) the levies were legal because they did not exceed the maximum statutory rate. Accordingly, we reverse.

Reversed.

HOMER and SLATER, JJ., concur.