(No. 3531—

THE TERMINAL NATIONAL BANK OF CHICAGO, A BANKING CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

OSBORNE, KLINE & McGURREN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On March 3, 1939, the Illinois Milk Products Company, an Illinois corporation, being indebted to the Terminal National Bank of Chicago, the claimant, executed and delivered to claimant its promissory note in the sum of $1,660.00, and on March 9, 1939, being further indebted to the Terminal National Bank of Chicago, executed and delivered its promissory note to claimant in the amount of $1,650.00. Each of these notes was payable forty days after date, with interest at seven per cent per annum after maturity. By stipulation there is due on the first note $265.41 principal, and $61.90 interest; there is due on the second note $539.09 principal, and $125.78 interest, or a total of $992.18.

To secure the payment of these notes, the Illinois Milk Products Company assigned to claimant certain accounts due from respondent to the Illinois Milk Products Company. Notice of this assignment was given to the Department of Public Welfare, to the Treasurer of the State of Illinois, to the Auditor of Public Accounts, and to the Attorney General. On January 25, 1939, the State Treasurer acknowledged receipt of power of attorney authorizing claimant to endorse warrants issued on behalf of the Illinois Milk Products Company to July 7, 1939. It is conceded that the assigned accounts, in the total sum of $1,043.83, were properly due and payable by the respondent to the Illinois Milk Products Company for products furnished to the respondent for the maintenance of its institutions.

Warrants in payment of the accounts were issued by the State, returned, and cancelled upon payment, except warrants in the amount of $321.48 which are still held by the Department of Public Welfare. The warrants issued, returned and cancelled, were not received by the claimant.

The Illinois Milk Products Company, having furnished necessary supplies for the operation of respondent's institutions, was entitled to payment. Its right to collect these accounts is unquestioned, and as against this assignor the respondent has no apparent defense. The claimant, by its assignment, acquired rights equal to those of the assignor. The general rule is that claims against the government are assignable. (*People* vs. *Nudelman,* 376 Ill. 535.) The right to assign a debt which is due and fully earned is unquestioned by the courts. The assignment, by the Illinois Milk Products Company of its accounts against the respondent, was a valid assignment of which the State was required to take notice.

It is also a general rule that interest is not payable on claims against the State. In this case, however, there is due from the respondent to the assignor the total sum of $1,043.83; there is due claimant from the assignor, including principal and interest, the total sum of $992.18. The amount due from the respondent to the assignor being greater than the amount due claimant, claimant is entitled to recover interest on the assignor's indebtedness for which the accounts were given as security. The interest is due upon the notes, not upon the amount due from the respondent to the assignor.

An award is therefore entered in favor of the claimant in the amount of $992.18.