(No. 83-CC-1908– )

Forest Clark, Claimant, and Troopers Lodge #41, Fraternal Order of Police, As Assignee of Forest Clark, Intervening Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed October 3, 1985.*

Waller, Evans & Gordon (Sarah B. Tinney and R. C. Lanto, of counsel), for Claimant.

Cavanagh, Hosteny & O'hara (John M. Hosteny, of counsel), for Intervening Claimant.

Neil F. Hartigan, Attorney General (William E. Webber, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

The Claimant in this case, Forest Clark, was employed by the State of Illinois and the Department of Law Enforcement since 1953 as an Illinois State trooper.

On November 21, 1978, Claimant was suspended from all police duties and from active pay status at the close of the business day. A hearing occurred concerning the suspension, and on April 23, 1980, the State of Illinois, through the Department of Law Enforcement Merit Board, ordered Claimant permanently removed

and discharged from his position as an Illinois State trooper. Claimant then filed a petition in the Sixth Judicial Circuit Court of Champaign County, Illinois, for a review of this permanent discharge. On February 6, 1981, the circuit court entered an order reversing this decision and remanding the case to the Merit Board for the imposition of a lesser sanction.

On March 13, 1981, the Merit Board suspended Claimant from duty without pay or benefits for 180 calendar days, and on March 30, 1981, Claimant was reinstated and returned to active duty and pay status as a State trooper.

At the evidentiary hearing held on March 1, 1984, it was stipulated by the parties that if the Claimant had worked from November 21, 1978, until May 30, 1981, he would have been entitled to $44,620.56. On May 13, 1985, Claimant and Respondent filed a written stipulation that Claimant would have been entitled to $55,780.38 minus $11,157.82, representing the pay attributable to the six-month suspension period, leaving a balance of $44,622.56. We accept the figure of $44,622.56.

Respondent urges that Claimant failed to mitigate his damages. We reject that contention.

Prior to his termination as an Illinois State trooper and while gainfully employed by the State of Illinois, the Claimant operated two small businesses, both of which showed a net loss for calendar year 1978, as well as calendar years 1979 and 1980, during which years, and while Claimant was under suspension, the Claimant testified that he devoted full time to the businesses. The income tax returns for the calendar years 1978 through 1981, which were made part of the record, revealed

some improvement in the operation of the businesses, although the loss of one of the businesses was greater than the profit of the other, thereby resulting in a net loss for each of the years.

The Claimant testified that he was in such dire financial straits that he applied for and received a loan from Troopers Lodge #41, Fraternal Order of Police, in the amount of $19,999.00. To secure the loan the Claimant executed an assignment to the Troopers Lodge #41, Fraternal Order of Police, of all right, title and interest in and to the first $20,000 in back salary due him by the Illinois Department of Law Enforcement in the event of his reinstatement to duty.

The Claimant testified that he made no applications for employment for the reason that he was familiar with the area and believed that the unemployment rate was extremely high, and therefore no employment was available to him. He testified that he talked to many different people requesting work without success.

The question before the Court is whether the Claimant acted reasonably to mitigate his damages during the period that he was wrongfully suspended.

The testimony of the Claimant that he worked full time in his two business ventures during the period of suspension is borne out by an inspection of the Claimant's income tax returns which show a much greater volume of business, although the net result still showed a loss for those years. It is the opinion of the Court that the Claimant acted reasonably under the circumstances in attempting to mitigate his losses during the period of his non-employment by the Department of Law Enforcement.

It is therefore a simple matter of computation to

determine what is due the Claimant by reason of the wrongful discharge and how the same should be distributed. The Claimant and the Respondent have agreed that the amount of salary which accrued during the entire period of suspension is the sum of $55,780.38. The parties further agreed that from this amount should be deducted the earnings for the six months' suspension, which amount is $11,157.82, leaving a balance of $44,622.56.

The remaining issue is the right of the intervening Claimant to the first $20,000.00 of our award.

We have previously been presented with a similar issue in the case of *Terminal Bank v. State* (1943), 12 Ill. Ct. Cl. 491. In *Terminal*, a milk company which had provided supplies to the State assigned its right of payment from the State to a bank in consideration of various financial notes issued to the milk company. The Court of Claims stated:

"The Claimant, (the bank) by its assignment, acquired rights equal to those of the assignor. The general rule is that claims against the government are assignable. (*People v. Nudelman* (1941), 376 Ill. 535.) The right to assign a debt which is due and fully earned is unquestioned by the courts. The assignment, by the Illinois Milk Products Company of its accounts against the Respondent, was a valid assignment of which the State was required to take notice."

Claimant contends that the intervening Claimant has no right to a direct award since the assignment "was an assignment of the proceeds, not the cause of action." The contention is not well taken, in that a simple reading of the assignment itself, a copy of which was admitted into evidence, clearly shows a complete and unrestricted assignment of the first $20,000 of back salary which may be determined to be due the Claimant. The assignment further provides that Claimant will "faithfully and diligently initiate, prosecute and pursue . . . in the

Illinois Court of Claims his suit and claim for all back salary against the Illinois Department of Law Enforcement" and that intervening Claimant has a "first and exclusive lien" on the proceeds. The intent of the parties is clear.

It is therefore ordered that Claimant Forest Clark is awarded $44,622.56 in full and complete satisfaction of this claim and that said funds be paid as follows:

Troopers Lodge #41, Fraternal Order of Police
Intervening Claimant $20,000.00
Forest Clark, Claimant $24,622.56

## APPENDIX A

Identification of the State Contributions and Deductions from Back Salary Award

To the State Employees' Retirement System

Employee's contribution to
State Employees' Retirement System 5299.14

Employee's contribution to FICA .00

Employer's contribution to
State Employees' Retirement System 4281.19

Employer's contribution to FICA .00

To Illinois State Treasurer to be remitted to
Internal Revenue Service:

Claimant's Federal Income Tax 8924.51

To Illinois Department:

Claimant's Illinois Income Tax 1115.56

To the Claimant:

 Net salary 9283.35

Total Award $48903.75

Troopers Lodge #41, Fraternal Order of Police—
 $20,000.00