No. 2--96--1250

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 APPLICATION OF THE ) Appeal from the Circuit Court

DU PAGE COUNTY COLLECTOR ) of Du Page County.

FOR THE YEAR 1993,              )

)

Plaintiff-Appellant, )

) No. 94--TX--10028

v. )            

)

1212 ASSOCIATES - MB MANAGEMENT ) 

COMPANY; 
SHAKER MANAGEMENT      )

COMPANY; and UNKNOWN OTHER  ) 

OBJECTORS,  )  Honorable

                                )  John W. Darrah,

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, the Du Page County Collector for the year 1993 (Collector), appeals the trial court's judgment on the pleadings in favor of the defendants, 1212 Associates - MB Management Company, 
et al.
 (Objectors), in a tax objection case.  We reverse and remand.

In 1993 the Glenside Public Library District levied a tax of $42,000 for building and equipment purposes which was extended at the rate of $0.0108 per $100 of assessed valuation.  This tax was included in the 1994 tax bill paid by the defendant, Shaker Management Company (Shaker), in the amount of $36.96 (valuation of $341,180 x 0.0108%).  Shaker paid the tax under protest and filed a timely objection pursuant to section 23--10 of the Property Tax Code (35 ILCS 200/23--10 (West 1994)). 

The Glenside Public Library District was, at the time of the levy, subject to the provisions of the Property Tax Extension Limitation Act (35 ILCS 245/1--1 
et seq.
 (West 1992) (now 35 ILCS 200/18--185 
et seq.
 (West 1994))) (hereinafter Tax Cap Act).  The objection was made on the ground that the 1993 Glenside Public Library District levy violated section 18--190(a) of the Tax Cap Act (35 ILCS 200/18--190(a) (West 1994)) because it had not been approved by direct referendum.

The parties and objectors in other pending cases agreed that this matter was appropriate for consolidated disposition of the legal issue presented by Shaker.  The Objectors presented the trial court with a test case stipulation identifying Glenside Public Library District and 1212 Associates, 
et al.
 as the representatives of all similarly situated taxing districts and objectors.  The Objectors agreed that the results in this case would bind the others.  The Objectors filed a motion for judgment on the pleadings.  On October 23, 1996, the trial court granted the Objectors' motion for judgment on the pleadings.  The trial judge found that the Glenside Public Library District building and equipment levy was invalid because section 18--190 of the Tax Cap Act required a direct referendum before the levy could be extended.  This timely appeal followed.  The Du Page Library System filed an 
amicus
 brief in support of the Collector.

The standard guiding our review of the trial court's decision to grant the Objectors' motion for judgment on the pleadings is clear.  Section 2--615(e) of the Code of Civil Procedure provides that any party may move for judgment on the pleadings.  735 ILCS 5/2--615(e) (West 1994).  Further, the motion may be based on "defects in the pleadings" in that the complaint is "substantially insufficient in law."  735 ILCS 5/2--615(a) (West 1994).  On review of the granting of a defendant's motion for judgment on the pleadings, we must determine whether the allegations of the complaint, when interpreted in a light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115 (1995); 
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1083 (1994).  Our review on appeal is 
de novo
.   
Mt. Zion State Bank
, 169 Ill. 2d at 115.

Section 35--5 of the Public Library District Act of 1991 (Public Library Act) (75 ILCS 16/35--5 (West 1994)) authorizes library districts to levy taxes for two purposes: (1) for "the establishment, maintenance, and support of a public library or libraries within the district or for contracting library service" (75 ILCS 16/35--5(a) (West 1994)); and (2) "for the purchase of sites and buildings, the construction and equipment of buildings, the rental of buildings required for library purposes, and maintenance, repairs, and alterations of library buildings and equipment" (75 ILCS 
16/35--5(b) (West 1994)).  The tax rate levied for the first purpose may not exceed 0.15% of the value of the taxable property within the district unless authorized by referendum; and, if approved, the tax rate may not exceed 0.60%.  75 ILCS 16/35--5(a) (West 1994).  The tax rate levied for the second purpose may not exceed 0.02%.  75 ILCS 16/35--5(b) (West 1994).  However, the 0.02% tax rate is subject to what is commonly referred to as a "back door referendum."  Section 35--5(b) of the Public Library Act provides:

"In any year in which the board proposes to levy the additional 0.02% tax, the board shall adopt an ordinance determining to levy the tax. ***

***

Within 15 days after the adoption of the ordinance, it shall be published in accordance with Section 1--30.  ***  

If no petition is filed with the board within 30 days after publication or posting of the ordinance, the district shall then be authorized to levy the tax."  75 ILCS 
16/35--5(b)
 
(West 1994).

The Tax Cap Act limits the use of certain back door referenda.  35 ILCS 200/18--190(a) (West 1994).  Section 18--190(a) of the Tax Cap Act provides:

"(a) If a new rate or rate increase is authorized by statute to be imposed without referendum or is subject to a backdoor referendum, *** the governing body of the affected taxing district before levying the new rate or rate increase shall submit the new rate or rate increase to direct referendum ***."  35 ILCS 200/18--190(a) (West 1994).

On appeal, the Collector argues that the trial court erred in finding that the 1993 Glenside Public Library District building and equipment tax levy violated section 18--190(a) of the Tax Cap Act.  The Collector first argues that the 1993 levy of 0.0108% is not a "new rate" or "rate increase" within the meaning of the Tax Cap Act.  The Collector claims that section 18--190(a) applies only to new or increased statutory rate limits.  The Objectors argue that the 1993 building and maintenance tax is both a "new rate" and a "rate increase" within the meaning of the Tax Cap Act.  We agree with the Collector.

In interpreting a statute, a court must determine and give effect to the intent of the legislature.  
Nottage v. Jeka
, 172 Ill. 2d 386, 392 (1996).  The court must first look to the language of the statute to determine the legislature's intent.  
Nottage
, 172 Ill. 2d at 392.  When the language is clear and unambiguous, it must be given its plain and ordinary meaning.  
Nottage
, 172 Ill. 2d at 392.  In addition, words and phrases must be interpreted in context with the words and phrases surrounding them.  
Cooper v. Department of the Lottery
, 266 Ill. App. 3d 1007, 1017 (1994).  

After reviewing the terms "new rate" and "rate increase" in context with the entire provision, we determine that the terms do not apply to the 1993 Glenside Public Library District building and maintenance rate.  When read in context, the terms are clear and unambiguous.  The terms "new rate" and "rate increase" are followed by the phrase "authorized by statute."  Thus, section 18--190(a) of the Tax Cap Act applies only to rates which have been newly authorized by statute or rate limits that have been increased by statute.  Since 1978 public library districts have been authorized to levy a building and maintenance tax at a rate of 0.02%.  Pub. Act 80--1152, eff. July 1, 1978.  Because the tax was authorized before 1993, the 1993 Glenside Public Library District building and maintenance tax is not a "new rate."  Further, because the tax rate limit of 0.02% has not been increased, the 1993 Glenside Library District building and maintenance tax is not a "rate increase."  Thus, section 18--190(a) does not apply and a direct referendum was not required.  Accordingly, the trial court erroneously granted the Objectors' motion for judgment on the pleadings. 

We recognize that our interpretation of section 18--190(a) of the Tax Cap Act differs from that of the Illinois Department of Revenue.  See 86 Ill. Adm. Code §110.190 (19__).  Section 110.190 of the Administrative Code provides:

"b.) Levies subject to annual back door referendum ***

2.) Rates required to extend taxes on levies subject to a backdoor referendum in each year there is a levy are not new rates or rate increases under Section 18--190 if a levy has been made for the fund in one or more of the preceding three levy years."  86 Ill. Adm. Code §110.190 (19__).

Our interpretation differs in that, if the legislature authorizes a new rate limit, section 18--190(a) applies when a tax is levied which reflects the new increase.  The regulation erroneously limits the statute to taxes that have not been levied in the preceding three years.  Nothing in the language of the statute supports this interpretation.  Because Illinois Department of Revenue regulation 2624(b)(2) limits the scope of section 18--190 of the Tax Cap Act, we are not bound by it.  
Arenson v. Department of Revenue
, 279 Ill. App. 3d 355, 359 (1996).  

The Objectors argue that the 1993 Glenside Public Library District building and maintenance tax is a new rate because library districts must pass an ordinance each year the tax is levied.  See 75 ILCS 16/35--5(b) (West 1994).  Thus, according to the Objectors, the authority to impose the tax expires annually and each year's rate is "new."  We disagree with this interpretation.

The requirement of a condition does not constitute an expiration and then a renewal of statutory authority.  Section 35--5(b) of the Public Library Act authorizes public library districts to levy a building and maintenance tax.  The fact that each year an ordinance must be passed to levy the tax does not mean that the authority expires and is then renewed each year.  If it were true that the imposition of conditions resulted in the annual expiration of the authority to tax, then every tax would be a "new rate" and would require direct referendum under section 18--190.  For example, section 18--50 of the Property Tax Code requires each taxing district to file a certified copy of its appropriation and budget ordinances with the county clerk every year.  35 ILCS 200/18--50 (West 1994).  If a taxing districts fails to comply, the county clerk may refuse to extend the tax levies.   35 ILCS 200/18--50 (West 1994).  Applying the Objectors' reasoning, every rate would be "new" every year because taxing districts must meet a condition before the county clerk is obligated to levy on its behalf.  In addition, if the Objectors' interpretation were true, there would be no need for the 5% extension limitation provision contained in section 18--205 of the Tax Cap Act, because every tax rate would be subject to referendum regardless of the amount of the increase.  35 ILCS 200/18--205 (West 1994) (requiring a direct referendum for a levy increase of 5% of the preceding levy year or an increase which is greater than the percentage increase in the Consumer Price Index).  The language of sections 18--190 and 18--205 does not support the Objectors' broad interpretation. 

Further, the Objectors argue that the 1993 building and maintenance tax is an additional tax because it is for the same purpose provided for in section 35--3(a) of the Public Library Act.  The Objectors claim that, since it is an additional tax, any levy constitutes a rate increase within the meaning of section 18--190(a).  After comparing the clear and unambiguous language of sections 35--3(a) and (b) of the Public Library Act, we believe the levies are for different purposes.  A levy under section 35--5(a) is for "the establishment, 
maintenance
, and support of a public library or libraries within the district or for contracting library service."  (Emphasis added.) 75 ILCS 16/35--5(a) (West 1994).  In contrast, a levy under section 35--5(b) is "for the purchase of sites and buildings, the construction and equipment of buildings, the rental of buildings required for library purposes, and 
maintenance
, repairs, and alterations of library buildings and equipment."  (Emphasis added.) 75 ILCS 16/35--5(b) (West 1994).  Thus, section 35--5(a) is for the maintenance of the entire library system, while the tax levy under section 35--5(b) is only for the maintenance of buildings and equipment within the system.  Accordingly, the taxes are for different purposes.

The Objectors also argue that the legislative history supports their argument that section 18--190(a) of the Tax Cap Act requires a direct referendum for taxes levied under section 35--5(b) of the Public Library Act.  The Objectors claim that the intent of the legislature in passing the Tax Cap Act was to prohibit all backdoor referenda.  The Objectors claim that the legislature intended to give the residents of the collar counties greater control over particular tax levies.  Essentially, the Objectors support their argument with portions of the legislative debates best characterized by Senator Dunn's statement: 

"[T]his is a mad-as-hell rebellion that really has been around for a long time to many of us.  Do the homeowners feel they're getting a good bang for their bucks?  Is it really their money?  ***  Quite frankly, the homeowners in my area have had enough.  And they've listened to all the reasons why we have obscene taxes in our area; and, quite frankly, they don't like the answers they get."  91st Ill. Gen. Assem., Senate Proceedings, July 18, 1991, at 12 (statements of Senator Dunn).

The Objectors also cite the preamble to the Tax Cap Act, which states:

"[A]n increase in the demand for basic local governmental and enhanced facilities and services, as well as the proliferation of special taxing districts, have all contributed to consistent double digit increases in property tax extensions.

***

The General Assembly further finds that a reasonable and responsible approach to containing such phenomenal increases in property tax extensions in these affected counties is to provide a limitation on such increases that allows [the] taxing districts *** to increase revenues modestly over prior years extensions and to provide citizens the opportunity to further increase tax extensions by referendum."  Pub. Act 87--17, Preamble, approved July 25, 1991.

Initially, we note that, because we have determined the language of section 18--190 of the Tax Cap Act as clear and unambiguous, we need not consider legislative history.  
Nottage
, 172 Ill. 2d at 392 ("When the statutory language is clear, no resort is necessary to other tools of interpretation").  However, assuming, 
arguendo
, that we must consider legislative history, nothing in the statements cited by the Objectors supports the claim that the legislature intended on prohibiting all backdoor referenda.  The statements illustrate merely a general intent to give taxpayers greater control over property tax levies.  This general intent does not allow us to expand section 18--190 beyond its plain and ordinary meaning.  
Nottage
, 172 Ill. 2d at 392 ("courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the enactment").

In its 
amicus
 brief, the Du Page Library System argues that the Tax Cap Act is unconstitutional.  Because we reverse on other grounds, we need not address this issue.

Finally, the Collector urges this court to reverse and remand with directions for the entry of an order overruling the objection against the 1993 Glenside Public Library District building and maintenance levy and all similarly situated districts.  However, because the Collector failed to file a motion for summary judgment, we are unable to grant all the relief the Collector seeks.  Instead, we remand this cause for further proceedings consistent with this opinion.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

GEIGER, P.J., and INGLIS, J., concur.