THE VILLAGE OF SPRING GROVE, Plaintiff-Appellant, v. THE COUNTY OF McHENRY *et al.*, Defendants-Appellees (State Farm Fire and Casualty Company *et al.*, Defendants).

Second District No. 2—99—0066

Opinion filed January 14, 2000.

John A. Roth, of Roth & Feetterer, P.C., of McHenry, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (David N. Stone, Assistant State's Attorney, of counsel), for appellees.

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, the Village of Spring Grove (Village), with the approval of the electorate, established a police pension fund. Plaintiff determined that $45,000 would be required to support the police pension fund. Defendants involved in this appeal are the County of McHenry and Katherine Schultz in her capacity as county clerk of McHenry County. Defendants received plaintiff's corporate levy and then applied a tax limitation. When the tax limitation was applied, the police pension fund received less than the $45,000 plaintiff had requested to support the police pension fund. Plaintiff filed a declaratory judgment action against these defendants. After the parties were at issue, defendants filed a motion for judgment on the pleadings, and soon afterwards, plaintiff filed a similar motion. The trial court entered judgment in defendants' favor. Plaintiff now appeals, arguing that the police pension fund is not subject to the tax limitation. We affirm.

On November 18, 1997, plaintiff approved ordinance No. 200 (Spring Grove, Ill., Ordinance No. 200 (passed and approved November 18, 1997)). This ordinance established the police pension fund in accordance with section 1—101 *et seq.* of the Illinois Pension Code (Pension Code) (40 ILCS 5/1—101 *et seq.* (West 1996)). On December 2, 1997, the plaintiff also approved ordinance No. 199 (Spring Grove, Ill., Ordinance No. 199 (passed and approved December 2, 1997)). This ordinance provided for the levying of taxes for all corporate purposes for the Village of Spring Grove. Attached to ordinance No. 199 was a list delineating the sums to be collected for various corporate purposes. The total amount to be collected was $166,845.34. The police pension fund was included in this list, requesting $45,000 to be extended and collected for that fund.

The county clerk applied the property tax extension limitation law (PTELL), pursuant to section 18—195 of the Property Tax Code (Tax Code) (35 ILCS 200/18—195 (West 1996)), to the $166,845.34, which was the total of the corporate funds sought. When PTELL was ap-

plied, it was determined that only $127,095.96 could be levied to cover the corporate funds.

On July 7, 1997, plaintiff filed a four-count complaint. In count I, the count subject to this appeal, plaintiff sought a declaratory judgment. Plaintiff alleged that the county clerk erred in combining the corporate funds and the police pension fund and then applying PTELL. Plaintiff claimed that the county clerk erred because section 3—125 of the Pension Code (40 ILCS 5/3—125 (West 1996)) mandates that plaintiff must levy a tax sufficient to meet the annual requirements of the pension fund. Plaintiff also claimed that the county clerk erred because the electors, in accordance with section 18—205 of the Tax Code (35 ILCS 200/18—205 (West 1996)), approved a rate in approving the police pension fund. Plaintiff argued that the rate the electors approved was a rate "sufficient to meet the requirements of the pension fund." Because the county clerk applied PTELL to the pension fund, the pension fund did not receive the full amount that was needed to support the fund. Plaintiff also alleged that the fact that PTELL was imposed on the pension fund in 1998 means that in subsequent years the limit on the tax will continue to be imposed. Counts II through IV of plaintiff's complaint were subsequently dismissed by agreement and are not the subject of this appeal, nor are original defendants State Farm Fire and Casualty and Katherine Schultz, individually.

On December 21, 1998, defendants filed a motion under section 2—615(e) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—615(e) (West 1998)) for judgment on the pleadings, and plaintiff filed a similar motion. Both parties stated in their motions that there was no question of material fact involved in resolving the dispute. Defendants acknowledged that, pursuant to section 3—145 of the Pension Code (40 ILCS 5/3—145 (West 1996)), a question about establishing a police pension was posed to the voters and approved by them on November 4, 1997. The question presented to the voters was, "Shall the Village of Spring Grove adopt Article 3 of the Illinois Pension Code pertaining to the creation of a police pension fund?" In the tax year 1996 plaintiff levied a single corporate fund. After the police pension fund approval, the Village added a second fund. Defendants argue that the limitations of PTELL can only be changed by (1) proposing a referendum under section 18—190 of the Tax Code (35 ILCS 200/18—190 (West 1996)) and having the voters approve it, or (2) increasing PTELL in an approved referendum under section 18—205 of the Tax Code (35 ILCS 200/18—205 (West 1996)). Moreover, defendants argue that neither the police pension fund referendum that was passed nor the applicable section of the Pension Code sets forth what rate the county clerk

should impose on the police pension fund. Without this rate, the county clerk argues, she would be forced to calculate and impose her own rate, and this type of action is beyond the county clerk's ministerial authority.

The trial court entered judgment in defendants' favor and found that the county clerk did not err in applying PTELL to the police pension fund. Plaintiff then filed this timely appeal.

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for judgment on the pleadings. Plaintiff claims that the judgment was improperly entered because PTELL does not apply to the police pension fund. Plaintiff argues that PTELL does not apply because section 3—125 of the Pension Code requires that a tax sufficient to meet the annual requirements of the fund must be levied. 40 ILCS 5/3—125 (West 1996). Because $45,000 was determined to be a sufficient amount to fund the police pension, $45,000 of the levied taxes should have been given to the police pension fund. Plaintiff also claims that, by adopting the referendum for the police pension fund, the voters authorized a new rate, and this new rate is equal to an amount sufficient to meet the requirements of the police pension fund.

Section 2—615(e) of the Civil Code provides that a party may move for judgment on the pleadings. 735 ILCS 5/2—615(e) (West 1998). A motion to dismiss under section 2—615 should be granted only when it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 115 (1995).

Here, the parties do not dispute the facts of this cause. The only issue that is in dispute concerns the interpretation of and interrelation between the Pension Code and the Tax Code.

In interpreting a statute, a court must determine and give effect to the true intent of the legislature. *In re Application of the Du Page County Collector for the Year 1993*, 288 Ill. App. 3d 480, 483 (1997). When the legislature's intent is unclear from the language of the statute, then the courts may look to other sources to determine the legislature's intent. *Kunkel v. Walton*, 179 Ill. 2d 519, 533-34 (1997). However, when the statutory language is clear, the statute will be given effect without resorting to aids of construction. *Kunkel*, 179 Ill. 2d at 534. No rule of construction allows a court to depart from the plain language and meaning of a statute. *Kunkel*, 179 Ill. 2d at 534. Thus, a court may not read into a statute limitations, exceptions, and conditions that the legislature did not express. *Kunkel*, 179 Ill. 2d at 534.

The statute under which the police pension fund was established provides as follows:

"The city council or the board of trustees of the municipality shall annually levy a tax upon all the taxable property of the municipality at the rate on the dollar which will produce an amount which *** will equal a sum sufficient to meet the annual requirements of the police pension fund. *** The tax shall be levied and collected in the same manner as the general taxes of the municipality ***." 40 ILCS 5/3—125 (West 1996).

Based on this statute, the police pension fund tax was supposed to be levied and collected in the same manner as the municipality's general taxes. The general taxes were subject to PTELL, and we find no support for the proposition that the police pension fund would be excluded. The legislature clearly provided that money could be collected to support a police pension fund. However, the legislature failed to state that the pension fund would be an exception to the limits imposed by PTELL. The legislature easily could have stated that the police pension fund was excluded from the restrictions imposed under PTELL.

Plaintiff argues it was compelled to levy and the county clerk was compelled to extend what plaintiff determined was necessary to meet the annual requirements of the police pension fund. In addressing this point, we find instructive *Board of Trustees of the Police Pension Fund v. City of Evanston*, 281 Ill. App. 3d 1047 (1996), and *Board of Trustees of the Police Pension Fund v. City of Rockford*, 96 Ill. App. 3d 102 (1981).

In *City of Evanston*, the police pension fund board certified that $2,215,561 was needed to fund the police pension fund. *City of Evanston*, 281 Ill. App. 3d at 1050. The city council levied a tax for the police pension fund that gave the fund $825,298 less than the police pension fund board had certified. *City of Evanston*, 281 Ill. App. 3d at 1050. The issue presented to the court was whether the city council could ignore the police pension board's recommendation on the amount of funding that was needed to fund police pensions. *City of Evanston*, 281 Ill. App. 3d at 1049. The court concluded that the city council did not have to accept the amount that the police pension board had suggested, but the court also concluded that the city council must follow Illinois law in calculating the alternative amount it selected. *City of Evanston*, 281 Ill. App. 3d at 1049. The court reasoned that the city council was not bound by the board's conclusion about the amount needed to fund the pensions because nowhere in the statutes did it indicate that the city council would be bound by the board's conclusions. *City of Evanston*, 281 Ill. App. 3d at 1052.

In *City of Rockford*, the boards for the police pension fund and the firemen's pension fund reported to the City of Rockford the amounts

that the boards would need levied to meet the requirements of the two pension funds. *City of Rockford*, 96 Ill. App. 3d at 102-03. Instead of levying a tax that would meet the requirements of the pension funds as proposed by the boards, the City of Rockford levied a tax for the pensions that collected far less than the boards had requested. *City of Rockford*, 96 Ill. App. 3d at 102-03. The issue presented to this court was whether the city council had discretion in determining the amount to be levied for the pension funds. *City of Rockford*, 96 Ill. App. 3d at 106. This court concluded that the actuarial figures on which the boards relied in requesting money for the pension funds were not binding on the city council. *City of Rockford*, 96 Ill. App. 3d at 106-07. This court reasoned that the figures the board proposed to the city council were not binding on the city council because the legislature did not intend to remove all of the city council's discretion in levying a tax to support the pension funds. *City of Rockford*, 96 Ill. App. 3d at 108.

■ Here, as in *City of Evanston* and *City of Rockford*, the Pension Code does not even suggest that the amounts proposed by plaintiff to support the police pension fund are binding on defendants. While we may agree that the police force deserves a good pension, and perhaps $45,000 would be required to satisfy the pension fund's needs, we cannot read into the statute conditions for which the legislature made no provision. See *Kunkel*, 179 Ill. 2d at 535.

Moreover, as the court indicated in *City of Evanston*, plaintiff followed Illinois law in levying taxes to support the police pension fund, and, as statutorily required, defendants imposed PTELL on the entire corporate levy. The imposition of PTELL caused all of the corporate funds, not just the police pension fund, to receive less than what was requested. 35 ILCS 200/18—195 (West 1996).

We also must note that PTELL provides, in relevant part, that "[f]or those taxing districts that have levied in any previous levy year for any funds included in the aggregate extension, the county clerk shall extend a rate for the sum of these funds that is no greater than the limiting rate." 35 ILCS 200/18—195 (West 1996). "Aggregate extension" under PTELL means "the annual corporate extension for the taxing district and those special purpose extensions that are made annually for the taxing district, excluding special purpose extensions [thereafter listed.]" 35 ILCS 200/18—185 (West 1996). Under the definition of "aggregate extension," special purpose extensions that are excluded from the limitation provisions include payments on bonds and other preexisting debt service commitments but not contributions to pension plans. 35 ILCS 200/18—185 (West 1996).

It is clear that the special purpose extensions that are not subject

to PTELL are types of debts or obligations that require the making of periodic payments until the debt or obligation is satisfied. In stark contrast, the police pension fund is not a bonded debt and does not require that a type of regular payment be made in order to extinguish a preexisting obligation. The legislature was very specific in delineating the types of special purpose extensions that were to be excluded from PTELL, and we do not find, based on the language of the statute, that the amount collected for the police pension fund also was intended to be excluded.

Plaintiff argues that voters adopted a new PTELL rate when they voted to start a police pension fund. Plaintiff claims that the new rate is equal to a rate that would allow the county clerk to give the entire $45,000 that plaintiff requested to the police pension fund. We believe that plaintiff's argument lacks merit. As defendants indicated, PTELL can be changed by (1) proposing a referendum under section 18—190 of the Tax Code (35 ILCS 200/18—190 (West 1996)) and having the voters approve it, or (2) increasing PTELL in an approved referendum under section 18—205 of the Tax Code (35 ILCS 200/18—205 (West 1996)). Here, since there was no mention of a tax rate or an unlimited tax rate, the voters never opined as to the PTELL limitation, and we will not and cannot deem that the issue was raised and decided merely by the authorization of a police pension fund tax.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.