No. 2--04--0379

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

ALLEGIS REALTY INVESTORS, 
et al.
, ) Appeal from the Circuit Court of

) Du Page County.

Plaintiffs-Appellants, )

)

v. ) No. 98--TO--10

)

JOHN LOTUS NOVAK, County Treasurer )

and 
ex-officio
 County Collector of Du Page )

County, Illinois, )

)

Defendant )

) Honorable

(Naperville Township Road District,
 ) Edward R. Duncan, Jr.,

Intervenor-
Appellee). ) Judge, Presiding.

_________________________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Allegis Realty Investors and other taxpayers in Du Page County, filed objections under section 23--10 of the Property Tax Code (35 ILCS 200/23--10 (West 1998)) to various taxes that several units of local government imposed in 1997.  Only one objection is at issue here.  The trial court granted summary judgment (735 ILCS 5/2--1005(c) (West 2002)) to intervenor, the Naperville Township Road District (District), holding that the District properly imposed a tax for permanent road (hard-road) purposes.  On appeal (see 155 Ill. 2d R. 304(a)), plaintiffs argue that (1) they raised a genuine factual issue of whether the District complied with the petition requirements of section 30--20(b) of the Township Code (60 ILCS 1/30--20(b) (West 1996)) before the tax was approved at a referendum; and (2) the trial court abused its discretion in refusing to allow them to amend their objection.  We agree with plaintiffs' first argument, and we reverse and remand.  We do not decide plaintiffs' second argument, as, on remand, they can move to amend the objection.

On November 13, 1998, plaintiffs filed a "Tax Rate Objection Complaint" seeking refunds of taxes levied by a variety of county taxing districts.  "Objection H" alleged as follows.  The county clerk extended a hard-road tax levy of $248,000 for 1997, at a rate of $0.0127 per $100 of assessed valuation, by including that amount in an annual certificate of levy.  The purported authority for the extension was a referendum held at the annual township meeting in 1979.  That referendum authorized a "special tax rate of $0.167 on the [
sic
] $100 of assessed valuation."  However, the 1979 referendum was void because notice was not provided as specified in section 6--601 of the Illinois Highway Code (Ill. Rev. Stat. 1977, ch. 121, par. 6--601).

On May 29, 2003, the trial court allowed the District to intervene.  On September 30, 2003, we decided 
Ceres One Corp. v. Naperville Township Road District
, 343 Ill. App. 3d 382 (2003).  We held that the District's levy of a hard-road tax for 1996 was 
ultra vires
, and thus void, because the 1979 levy expired in 1984 and the District never renewed it.  
Ceres One
, 343 Ill. App. 3d at 384.  

On January 27, 2004, the District moved for summary judgment on Objection H.  The District argued that the 1997 levy was valid because it was properly authorized by a referendum held at the annual township meeting on April 8, 1997.  The District's motion attached exhibits showing that, on or before February 28, 1997, 50 registered voters signed petitions seeking a referendum on whether to "reaffirm and reauthorize the special hard road tax"; that the District clerk received the petitions on March 13, 1997; that notice of the referendum was published in a newspaper on March 26, 1997; and that, at the township meeting of April 8, 1997, the tax was approved by a vote of 51 to 0.  The motion also attached a certificate from the Board of Trustees of the Town of Naperville "hereby lev[ying] an annual hard road tax *** for the year 1997, and all subsequent years until repealed."

Plaintiffs responded that, for two reasons, the referendum of April 8, 1997, did not "resuscitate" the levy that was invalidated by 
Ceres One
.  First, plaintiffs invoked section 30--20(b) of the Township Code, which provided: 

"[B]efore establishing or increasing any township tax rate that may be established or increased by the electors at the annual township meeting, a petition containing the signatures of not less than 10% of the registered voters of the township must be presented to the township clerk authorizing that action."  60 ILCS 1/30--20(b) (West 1996).

Plaintiffs noted that the 1979 levy lapsed in 1984.  Therefore, they reasoned, the 1997 referendum necessarily "established or increased" the tax rate--or at least was intended to do so.  However, they concluded, because the petitions were signed by only 50 people, or far fewer than 10% of the registered voters in the township, the referendum violated section 30--20(b).

Second, plaintiffs noted that, under section 6--601(a) of the Illinois Highway Code (605 ILCS 5/6--601(a) (West 1996)), the district clerk had to provide notice of the referendum not only by newspaper but also "by posting notices in at least 10 of the most public places in the town at least 10 days prior to the *** meeting."  605 ILCS 5/6--601(a) (West 1996).  Plaintiffs reasoned that, because the District had provided no proof of this posting, it had not shown that the referendum was valid.

In reply, the District argued first that plaintiffs' response improperly attempted to plead new  grounds on which to invalidate the 1997 levy, as Objection H did not allege that the 1997 referendum was invalid.  On the merits, the District contended that section 30--20(b) of the Township Code did not apply here.  The District reasoned that section 30--20(b) was limited to "establishing or increasing" a tax rate but that the District's hard-road fund tax levy had been authorized and extended for many years before 1997.  Thus, even though the courts did not uphold the levy for 1996, the tax was not established or increased for 1997.  Also, the District asserted that it had provided the notice required by section 6--601 of the Highway Code.  The District's reply attached a fax from the township clerk to the township attorney, listing the places where the notices were posted.

On March 12, 2004, the trial court granted the District summary judgment on Objection H and found that there was no just reason to delay the enforcement or appeal of the order (see 155 Ill. 2d R. 304(a)).  On March 18, 2004, plaintiffs moved to vacate the judgment and for leave to amend Objection H so as to incorporate the arguments that plaintiffs made in their response to the District's motion for summary judgment.  The trial court declined to vacate the judgment or to allow plaintiffs to amend the objection.  Plaintiffs timely appealed.

On appeal, plaintiffs argue first that the trial court erred in granting the District summary judgment on Objection H, because there is a genuine factual issue of whether the referendum that approved the 1997 hard-road levy complied with section 30--20(b) of the Township Code.  The District responds first that plaintiffs improperly waited until their response to the District's motion for summary judgment to attack the 1997 referendum.  We disagree.  The District's motion for summary judgment argued that any invalidity in the 1979 referendum was legally irrelevant because the 1997 referendum reenacted the levy for that year.  Having raised the issue in its motion for summary judgment, the District may not cry "foul" because plaintiffs elected to respond to it.  On the merits, the District contends that section 30--20(b) did not apply to the referendum because the question voted on was not whether to establish or increase the hard-road tax rate but whether to extend the preexisting tax rate through 1997 and beyond.  We agree with plaintiffs.

Summary judgment is proper when the record establishes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 2002);  
Russell v. Village of Lake Villa
, 335 Ill. App. 3d 990, 993 (2002).  Our review is 
de novo
.  
Russell
, 335 Ill. App. 3d at 993.

Here, we must decide whether section 30--20(b) applies to the 1997 referendum.  This requires us to construe section 30--20(b).  Statutory construction raises questions of law subject to 
de novo
 review.  
Yang v. City of Chicago
, 195 Ill. 2d 96, 103 (2001).
  Our goal is to ascertain the intent of the legislature, and the best guide to that intent is ordinarily the language of the statute itself.  
People v. Dexter
, 328 Ill. App. 3d 583, 586 (2002).  If the language is unambiguous, we apply it straightforwardly.  
Raintree Homes, Inc. v. Village of Long Grove
, 209 Ill. 2d 248, 255 (2004).  In the event of ambiguity, a statute granting the power to tax must be construed strictly against the taxing body and liberally in favor of the taxpayer.  
In re Application of Rosewell
, 127 Ill. 2d 404, 408-09 (1989); 
People ex rel. Ramey v. Gulf, Mobile & Ohio R.R. Co.
, 15 Ill. 2d 126, 129 (1958).

Applying these precepts here, we agree with plaintiffs that section 30--20(b) of the Township Code governed the 1997 referendum.  No case law construes section 30--20(b), but we conclude that its import here is unambiguous and that the referendum was plainly concerned with "
establishing
 or 
increasing
 any township tax rate."  (Emphasis added.)  60 ILCS 1/30--20(b) (West 1996)).  

It is important to recall that, in 
Ceres One
, we held that the original tax had expired in 1984 and that the 1996 levy was 
ultra vires
 and, thus, void 
ab initio
.  See 
Ceres One
, 343 Ill. App. 3d at 388 (1996 tax was 
ultra vires
); 
Grassini v. Du Page Township
, 279 Ill. App. 3d 614, 621 (1996) (municipal act that is 
ultra vires
 is void 
ab initio
).  Thus, in early 1997, when the petitions here were filed, there was no hard-road tax at all.  As a result, the voters at the referendum were not deciding whether to extend an existing tax rate but whether to establish a tax rate where none existed.  Alternatively, the referendum could be viewed as one on increasing the tax rate, as any tax at all would be an increase over zero.  We agree with plaintiffs that the plain language of section 30--20(b) of the Township Code shows that it applied to the referendum.  At the least, plaintiffs' reading of section 30--20(b) is reasonable, which means that the provision is ambiguous and must be construed against the District.

Relying on 
In re Application of the Du Page County Collector for the Year 1993
, 288 Ill. App. 3d 480 (1997) (
1212 Associates
), the District argues that the 1997 referendum did not establish or increase a township tax rate because, regardless of the District's prior actions, the General Assembly had long before authorized the tax rate, and the referendum was based on this long-standing legislative grant of authority.  We disagree.

In 
1212 Associates
, the issue was whether a public library district's tax levy for 1993 was subject to section 18--190(a) of the Tax Cap Act, which applied "[i]f a new rate or rate increase [was] authorized by statute to be imposed by referendum or [was] subject to a backdoor referendum."  35 ILCS 200/18--190(a) (West 1994).  This court held that section 18--190(a) applied only where a 
statute
 authorized a new rate or increased a rate limit. 
1212 Associates
, 288 Ill. App. 3d at 483.  Thus, because the 1993 tax was authorized by statute before 1993, it was not a "new rate."  
1212 Associates
, 288 Ill. App. 3d at 483.

Here, the District reasons that the phrase "establishing or increasing any tax rate" should be construed consistently with 
1212 Associates
' treatment of "new rate or rate increase *** authorized by statute" in section 18--190(a) of the Tax Cap Act.  However, the statutes are distinguishable.  In  
1212 Associates
, we held that, in section 18--190(a), the phrase "authorized by statute" directly modified "new rate or rate increase."  Thus, a "new rate or rate increase" meant a rate or increase brought about by the General Assembly, not by the local taxing body.  However, section 30--20(b) contains no such limitation.  Rather, it sets out what must be done "before establishing or increasing any township tax rate 
that may be established or increased by the electors at the annual township meeting
."  (Emphasis added.)  60 ILCS 1/30--20(b) (West 1996).  While the phrase "before establishing or increasing any township tax rate" does not 
itself
 say who is doing the "establishing or increasing," the language that follows makes it obvious that the "who" is the township, acting at its annual meeting, and not the General Assembly.  Therefore, section 30--20(b) applies whenever the electors at an annual township meeting vote on whether to establish or increase a township tax rate.

Here, it is irrelevant whether, long before 1997, the legislature had authorized the District to levy or increase the hard-road tax; as of the April 8, 1997, referendum, the District had not yet legally established or increased the hard-road tax rate for 1997.  As a result, section 30--20(b) required that petitions, signed by at least 10ཅ of the township's registered voters, be presented to the township clerk and be on file before the District could establish or increase the tax rate by the referendum.

We also agree with plaintiffs that the legislative history of section 18--190(a) casts great doubt on the precedential value of 
1212 Associates
.  Before we issued our opinion there, the legislature amended the statute to specify that "[r]ates required to extend taxes on levies subject to a backdoor referendum in each year there is a levy are not new rates or rate increases under this Section if a levy has been made for the fund in one or more preceding 3 levy years.  ***[These changes] are declarative of existing law and not a new enactment."  Pub. Act 89--718, ྷ5, eff. March 7, 1997.  Therefore, the legislature intended that there could be a "new rate or rate increase" even 
without
 action by the legislature, 
e.g.
, when the local taxing district enacts a levy after having made no levy in the preceding three years.  As a result, even could we analogize section 30--20(b) of the Township Code to section 18--190(a) of the Tax Cap Act, we doubt whether that would help the District here, as the latter might apply even if the legislature has not acted recently.

We hold that, under section 30--20(b) of the Township Code, the referendum on the proposed levy was not valid unless, before the vote was taken, petitions containing the signatures of no fewer than 10% of the registered voters in the township were presented to the township clerk authorizing such action.  See 60 ILCS 1/30--20(b) (West 1996).  Plaintiffs have raised a genuine issue of whether this happened.
(footnote: 1)  Therefore, we must reverse the judgment and remand the cause.  On remand, plaintiffs may request leave to amend Objection H.  Thus, we need not decide whether the trial court erred in refusing to allow the amendment after the court granted the District summary judgment.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.

Reversed and remanded.

Affirmed.

BOWMAN and CALLUM, JJ., concur.

FOOTNOTES
1:
1
Plaintiffs do not contend that they raised a genuine issue of whether the District posted notice as required by section 6–601 of the Illinois Highway Code (625 ILCS 5/6–601 (West 1996)) and, thus, any such contention is waived.  See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001.